IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2019 Session

## WAFA BADAWI HINDIYEH v. WALEED FAWZI ABED

**Appeal from the Chancery Court for Rutherford County**
**No. 16CV-802        J. Mark Rogers, Judge**

_____

## No. M2018-01581-COA-R3-CV

_____

This is the second appeal of a parenting plan. In the first appeal, Father successfully challenged the adoption of a plan that allocated him only 80 days parenting time; the case was remanded with instructions for the trial court to increase Father's parenting time. Following a hearing, the trial court adopted Father's proposed parenting plan which granted the parties equal parenting time, and in so doing, addressed other matters. Mother appeals. We affirm the award of equal parenting time and the adjustment to child support and income tax deductions that necessarily followed; we modify the plan to include certain provisions that were in the previous parenting plan.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Karla C. Miller, Nashville, Tennessee, for the appellant, Wafa Badawi Hindiyeh.

Charles G. Ward, Murfreesboro, Tennessee, for the appellee, Waleed Fawzi Abed.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This divorce and child custody case comes before us a second time. The first appeal focused on the classification of a marital asset and the court's residential parenting time determination, with its ancillary considerations of child support and daycare expenses. The trial court had named the Mother, Wafa Hindiyeh, as primary residential parent and granted her 285 days of parenting time with the parties' son. The Father, Waleed Abed, who received 80 days of parenting time, appealed; this Court affirmed the majority of the trial court's decision, vacated the parenting schedule, and remanded the case, holding:

> Given the Trial Court's findings, it is puzzling why the Trial Court entered a permanent parenting plan granting Husband only 80 days of parenting time with the Child per year to Wife's 285. In short, the permanent parenting plan entered by the Trial Court contradicts the Trial Court's own favorable findings regarding Husband. The evidence does not preponderate against these findings. Husband's late work schedule in itself does not justify such a minimal award of parenting time. Given the evidence in the record on appeal, the Trial Court's own findings, and the statutory goal of maximum participation for both parents in the life of the child, the Trial Court erred in granting Husband only 80 days per year with the Child. We, therefore, vacate the Trial Court's judgment as it relates to the residential schedule of the permanent parenting plan and remand for the Trial Court to award Husband significantly more time with the Child to comply with our General Assembly's mandate that the custody arrangement provides for both parents to have the maximum participation in their child's life as consistent with all relevant factors. On remand, the Trial Court is not required to award precisely equal time to both parents, and we do not disturb the Trial Court's designation of Wife as primary residential parent.

*Hindiyeh v. Abed*, No. M2017-00410-COA-R3-CV, 2018 WL 1953213, at *10 (Tenn. Ct. App. Apr. 25, 2018).

Pursuant to the remand order, the trial court held a hearing, at which the parties presented argument and advocated the proposed parenting plans that had been introduced at the original trial of the case. The trial court subsequently entered an order adopting the equal parenting time provision in Father's proposed plan, under which, *inter alia*, Father's child support obligation was decreased from $852 per month to $194 per month. In addition, the plan replaced provisions in the prior plan with respect to the holiday and summer vacation schedule, transportation arrangements, decision making authority, the allocation of the federal income tax exemption; ordered that Mother's residence would determine the school zone for the child; and eliminated a section titled "Other," which dealt with issues such as overseas travel, along with several other standard provisions.

Mother appeals, contending that the court exceeded the scope of the remand by ordering equal parenting time without making additional findings that it was in the child's best interest to do so. Mother also complains that certain provisions of the original which were not disturbed by the ruling in the prior appeal were not included in the new plan.

In the first opinion, we affirmed the trial court's factual determinations, vacated the residential schedule, and remanded the case for the trial court to increase Father's parenting time; after hearing from the parties, the court awarded the parties equal parenting time. As noted earlier, the factual findings the court made in the original decree were affirmed in the first appeal, and the parties did not introduce additional proof on remand. We see no abuse of discretion in the court's decision to award Father equal parenting time. The same facts which led us to conclude that Father's time should be increased support the equal parenting time ordered by the court; contrary to Mother's argument, it was not necessary for the court to make additional findings of fact, including a best interest determination, in complying with this court's mandate.

The increase in Father's parenting time necessitated a modification of his child support obligation and the allocation of the federal income tax exemption. Mother does not contest the amount of child support ordered, and we affirm the order in that regard.

While Mother had been allocated the exemption in the original parenting plan, the new plan provided that the parents would alternate years in claiming the child on their tax returns. Mother does not specifically argue that the court erred in ordering this provision, but includes the change in the allocation of the tax exemption in a list of differences between the original plan and the new plan.

A trial court's "'decisions with regard to the allocation of exemptions for minor children are discretionary and should rest on facts of the particular case.'" *Id.* (citation omitted).

The court did not state why it ordered that Father could claim the tax exemption in alternating years. Where the court does not make written findings explaining its allocation of income tax exemptions, we examine the record to determine if there is justification for alternating the exemption between the parties. *Smith v. Smith*, No. M2006-01390-COA-R3-CV, 2010 WL 288758, at *6 (Tenn. Ct. App. Jan. 25, 2010). On the record presented, we do not conclude that the provision is inequitable or that the court abused its discretion in this regard. As in *Smith*,[2] both parents are exercising similar

---

[2] In *Smith*, the father, who earned significantly more income, was named the primary residential parent of the parties' two children; the mother was ordered to pay child support. *Smith*, 2010 WL 288758, at *2. The court divided the tax exemptions between the parties, allowing each parent to claim a tax deduction

amounts of time with the child and both must maintain a residence for the child. In this case, the parties have relatively similar incomes, and the allocation is consistent with the fact that the parties share equal parenting time. Accordingly we affirm the trial court's decision to allow the parties to alternate years in which they claim the child on their tax return.

With respect to the provisions of the original parenting plan beyond the parenting time, child support, and the federal tax exemption provisions that were altered when the court adopted the new plan, the court did not explain and we discern no justification for these changes; accordingly, we modify the new plan to reinstate section I of the former plan, which was approved in the first appeal.[3]

---

for one child, and this Court affirmed that decision as equitable, holding that "Mother's lesser income, her child support obligation, and her other economic responsibilities for the children warrant the award to her of the tax deduction for one child." *Id.* at *6.

[3] In her brief, Mother identifies the following specific provisions which were not contained in the new plan and which are reinstated:

I. OTHER:

The following special provisions apply:

1. Father is not to take the minor child overseas without the Mother's consent.

2. Mother will coordinate with Father in order to obtain a passport for the minor child. Once the passport is received, the Mother will keep the minor child's passport in her possession.

1. PRIORITIES UNDER THE RESIDENTIAL SCHEDULE: In the event a holiday parenting period (listed above in Subsection C) conflicts with a vacation period (listed below in Subsections D, E, F and G), then the holiday period (Subsection C) will take precedence over the vacation period. Holiday visitation (Subsection C) and vacation periods (Subsections D, E, F and G) take precedence over day-to-day visitation (Subsection B). This provision is to be followed unless otherwise agreed between the parties.
2. MODIFICATIONS: The parties are aware that modifications of the parenting schedule may be done at any and all times that BOTH parties may agree. The parties are aware that modifications of the parenting plan may be needed in the future to address issues of graduations, deaths, remarriages, reunions, etc. Requests of one party to modify a parenting schedule shall not be unreasonably withheld so long as said parent is being offered a comparable period of time.
3. MEANS TO CONTACT THE OTHER PARENT AND CHILD: Each party has the right to know the address and phone number of the other parent at all times. Each parent shall keep the other informed at all times as to his or her current residence address and phone number and that of the child. If a parent or child obtains an e-mail address, said address should be given to the other parent.

In light of our resolution of the issues raised and in our discretion, we decline to award either party their fees on appeal.

In conclusion, we affirm the trial court's award of equal parenting time to the parties, the modification to the child support award and the order that the income tax exemption be alternated between the parties; we modify the parenting plan to reinstate section I of the previous plan.

RICHARD H. DINKINS, JUDGE

4. USE OF PARENTAL NAMES: All parental names such "mom," "dad," "mommy," "daddy," "mother," "father," shall be reserved exclusively for the natural parents during their lifetime.

5. ACTIVITIES: Neither parent will schedule activities for the child during the other parent's scheduled parenting time without the other parent's prior agreement.

6. CONSENT: If a parent does not obtain the required consent of the other parent to a decision requiring JOINT consent, or makes a decision without the consent of the other parent he or she may be subjected to civil or criminal penalties.

7. EXTRACURRICULAR ACTIVITIES: The Mother will be the decision making authority for all extracurricular activities. Any and all costs or expenses incurred involving the minor child's extracurricular activities shall be paid by the Mother. This includes any fees, dues, or end-of-year parties and trophies. Furthermore, if the parties agree to the extracurricular activity, the parties agree to be responsible for getting the minor child to said games and practices during their parenting time.

In addition, and upon our review of both plans, there are several provisions that are included in the new plan that were not in the old plan or that were different, e.g., the change in the place of exchange of the child and addition of the times for the Thanksgiving holiday; inasmuch as Mother does not make a specific argument as to those items, we do not address them. *See* Tenn. R. App. P. 27(a)((7).